**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**NICHOLAS COSTIALL LEGGETT, #147038**                          **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 2:09-cv-258-KS-MTP**

**CHRISTOPHER EPPS**                                              **RESPONDENT**

**MEMORANDUM OPINION**

This matter is before the Court, *sua sponte*, for consideration of dismissal. On December 15, 2009, Petitioner Leggett, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner filed his response [9] to the Court's order [8] to amend regarding the exhaustion of his state court remedies on February 19, 2010. Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

Background

Petitioner pled guilty to and was convicted of residential burglary in the Circuit Court of Forrest County, Mississippi, on February 23, 2009. Petitioner was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections followed by five years of probation. Petitioner states that twenty-four years and six months of his sentence was suspended and he was directed to complete the regimented inmate discipline (RID) program.[1] Petitioner alleges that he "successfully completed his court ordered six

---

[1]The RID program provides an inmate with the opportunity to earn early release by successful completion of the program requirements. *Curry v. State*, 855 So.2d 452 (Miss.App.2003).

months of MDOC's RID program and should be released to serve the five years of probation time of his sentence." *Mem. in Supp*. [2], p. 2. Petitioner further claims that his constitutional rights are being violated because his sentence has expired and MDOC's RID program "practices arbitrary restraint . . . by having drill instructors extend a prisoner's time illegally." *Id*. at 3. Petitioner claims that MDOC seeks to have his sentence reinstated based on the "false premise of violating the program rules" without any facts, proof or rule violation reports. *Pet.* [1], p. 13. As relief, Petitioner is seeking his immediate release from incarceration. *Id.* at 14.

An order [8] was entered directing Petitioner to file an amended petition to "specifically state if he has filed (other than a direct appeal) any petitions, applications or motions with respect to his conviction and sentence in any court, state or federal" and Petitioner was directed to provide certain information about any filings. The order [8] further directed the Petitioner "to specifically state if he has filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 to -29." Petitioner filed his response [9], wherein he states that he has not filed any actions with the state courts regarding the conviction and sentence that is the basis for his current imprisonment.

## Analysis

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this petition for habeas relief shall be dismissed for Petitioner's failure to exhaust his state remedies.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

The Court notes that the Mississippi Uniform Post-Conviction Collateral Relief Act

provides an avenue for an inmate to challenge his incarceration based on a claim that "his sentence has expired" or he is "otherwise unlawfully held in custody." Miss. Code Ann. § 99-39-5(h)(Rev.2007). Inmates asserting similar claims regarding the RID program have pursued such claims in the form of a motion for post-conviction collateral relief with the state courts. *See e.g., Gatlin v. State*, 18 So.3d 290 (Miss.Ct.App.2009); *Green v. State*, 784 So.2d 273 (Miss.Ct.App.2001); *Eldridge v. State*, 764 So.2d 515 (Miss.Ct.App.2000). Since Petitioner clearly states that he has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed for failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

SO ORDERED, this the 23rd day of April, 2010.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE